IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD V. BROOKS, V-81911,  )<br>            Petitioner,  )<br>   vs.  )<br>RICK HILL, Warden,  )<br>            Respondent.  )<br>_____ ) | No. C 10-5388 CRB (PR)<br><br>ORDER TO SHOW CAUSE<br><br>(Docket # 3) |

Petitioner, a state prisoner incarcerated at Folsom State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from San Mateo County Superior Court. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner was convicted by a jury of two counts of robbery and one count of burglary. The jury also found true allegations that petitioner used a gun in the commission of these crimes. On May 27, 2005, petitioner was sentenced to 14 years in state prison.

Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California. He also unsuccessfully sought habeas relief from the state court. The Supreme Court of California denied his last petition for state habeas relief on April 15, 2009.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

### B. Claims

Petitioner seeks federal habeas corpus relief by raising several claims, including improper denial of motion to suppress evidence on Fourth Amendment grounds, ineffective assistance of counsel, improper admission of evidence, prosecutorial misconduct and improper denial of motion to substitute counsel. Petitioner's improper denial of motion to suppress claim is dismissed because it is well-established that Stone v. Powell, 428 U.S. 465 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of the claim. See also Locks v. Sumner, 703 F.2d 403, 408 (9th Cir. 1983) (even if state courts' determination of 4th Amendment issues is improper, it will not be remedied in federal habeas corpus actions so long as petitioner was provided a full and fair opportunity to litigate the issue). Liberally construed, however, petitioner's other claims appear

cognizable under § 2254 and merit an answer from respondent.  See <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (docket # 3) is GRANTED.

2. The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and

3

respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED:   Feb. 14, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.10\Brooks, R1.osc.wpd